A. J. HOPKINS, Respondent, v. JAMES P. HARLAN,
Appellant.

**St. Louis Court of Appeals, April 29, 1902.**

Petition, Sufficiency of: FEES: PLEADING DEMURRER: JUDG-
MENT: PRACTICE, TRIAL. A petition is not only bad on de-
murrer, but will not support a judgment, which in an action for
fees due parties as witnesses in a criminal case, fails to state that
the said fees were taxed in favor of plaintiff, or that being taxed,
the fees were incorporated in a fee-bill signed and approved by the
judge and prosecuting attorney and certified by the clerk of the
court to the State Auditor for payment.

Appeal from Howell Circuit Court.—*Hon. William N. Evans,*
Judge.

REVERSED AND REMANDED.

*H. D. Green* and *Livingston & Burroughs* for appellant.

*Coyner & Handy* for respondent.

(1)  A demurrer to a petition admits all the material
facts alleged therein. Dodson v. Lomax, 113 Mo. 555; Verden
v. St. Louis, 131 Mo. 26.  (2)  A demurrer admits the truth
of the averments of the petition, and the demurrant can not
afterwards claim that the facts stated are improbable. Plant
Seed Co. v. Seed Co., 23 Mo. App. 579.  (3)  Every pre-
sumption is in favor of the action of the trial court. Evans-
Snyder-Buell Co. v. Turner, 143 Mo. 646.

BLAND, P. J.—Omitting caption the petition is as
follows:

"Plaintiff for his amended petition against defendant states that on the —— of April, 1896, that he and Henry Taylor, Bennett Kirkland, Lum Dean, Will Vaughn, Emmett Williams, William Wilson and Isom Wilson were subpoenaed as witnesses on the part of the defendant in the case of the State of Missouri v. Ben Taylor. The said defendant was charged with a felony. Plaintiff further states that said Henry Taylor, Bennett Kirkland, Lum Dean, Will Vaughn, Emmett Williams, William Wilson and Isom Wilson, for value have assigned their fees to this plaintiff. That said case was transferred from the circuit court of Howell county to the circuit court of Douglas county, Missouri, and that they were duly recognized to attend said court. Plaintiff states that the first time said cause was tried, at the March term, 1896, of the circuit court of Douglas county, there was a mistrial in said cause. And that he and the above-named assignors were recognized to attend court at the next regular term in said county. That at the next regular term of said court there was a mistrial in said cause, and the prosecuting attorney entered a *nolle prosequi* in said cause and they were released by the court.

"Plaintiff further states that the defendant bought from plaintiff and the above-named assignors their fees for one attendance and represented to him and the above-named assignors that their fees could not be collected for their first attendance and were absolutely worthless and refused to buy the same.

"Plaintiff further states that relying upon the representations made by the defendant, he and the above-named assignors, sold him their fees for their last attendance at said court and gave him a receipt for their fees due them in the case of the State of Missouri v. Ben Taylor.

"Plaintiff further states that on the ——· day of April, 1897, he and the above-named assignors, demanded of A. P. Miller, clerk of the circuit court of Douglas county, their fees

for their attendance at court at the first trial and were informed by said Miller that defendant had collected said fees.

"Plaintiff further states that he and the above-named assignors are entitled to fees to the amount of five days' attendance and one hundred and twenty miles at five cents per mile, amounting to $12.25 each; that he and the said assignors have never at any time sold defendant said fees, nor have ever at any time given defendant permission to collect same and that they have demanded of defendant said fees and he has refused to pay the same.

"Wherefore plaintiff prays judgment against defendant for the sum of $98, together with the costs of this suit."

To the petition appellant filed a demurrer assigning as the grounds thereof the following:

"That said petition does not state a cause of action.

"That there are several distinct and separate claimed causes of action in one count of said petition."

The court overruled the demurrer. Appellant declined to plead further or to further appear, and judgment was rendered for respondent.

Facts which are essential to a plaintiff's right to maintain his action must be alleged in the petition. This petition is fatally defective in failing to allege facts which would entitle the appellant to maintain the action. Facts from which the inference may be drawn that the witness fees earned by appellant and his assignors were taxable to the State are found in the petition; but the petition omits to state that they were so taxed, or that after being taxed the fees were incorporated in a fee-bill, signed and approved by the judge and prosecuting attorney, and certified by the clerk of the court to the State Auditor for payment. It fails to allege that the State ever paid the fees to any one, and it is not alleged that the defendant ever received the fees or that they were ever paid to him. For omission to state these essential facts the petition was

Erwin v. K. C., F. S. & M. Ry. Co.

not only bad on demurrer but is wholly insufficient to support the judgment.

The judgment is reversed and cause remanded with directions to the court to sustain the demurrer. *Barclay* and *Goode, JJ.*, concur.